## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **INDIAN HARBOR INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § § | |
| **vs.** | § | **Civil Action No._____** |
| **THE GRAY INSURANCE COMPANY,** | § § § | |
| **Defendant.** | § § § | |

## INDIAN HARBOR INSURANCE COMPANY'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY RELIEF

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") files this Original Complaint seeking a declaratory judgment and respectfully shows the Court the matters set forth below:

## I.
## PARTIES

1.      Plaintiff Indian Harbor is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut.

2.      Defendant Gray Insurance Company ("Gray") is a Louisiana corporation having its principal offices in Metarie, Louisiana.  Gray regularly conducts business in the State of Texas for the purpose of accumulating monetary profit, but does not maintain a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process is to be made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State of Texas as agent for The Gray Insurance Company. This suit arises out of contacts in this State and, under the circumstances, The Gray Insurance Company has appointed the Secretary of State of Texas as its agent upon

INDIAN HARBOR INSURANCE COMPANY'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY RELIEF                    PAGE 1

whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, to The Gray Insurance Company by forwarding the same, Certified Mail, Return Receipt Requested, to its registered agents, John A. Sanchez, Jr. and Denver F. Gray, 2612 Severn Avenue, Metairie, LA 77002.

## II.
## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4.      This is an action for declaratory judgment pursuant to FED. R. CIV. P. 57 and 28 U.S.C. §§ 2201-2202. An actual and substantial controversy exists between the parties. By this action, Indian Harbor seeks a declaration related to Gray's duties to defend and indemnify a mutual insured, Aggreko, LLC ("Aggreko"), as an additional insured under the policy of insurance issued by Gray in connection with a lawsuit styled *James Andrew Brenek, et al., v. Aggreko, LLC and Rutherford Oil*, Cause No. 196603; in the 172nd Judicial District Court, Jefferson County, Texas (the "underlying lawsuit").  The plaintiffs in the underlying lawsuit are seeking more than $1 million in damages from Aggreko.

5.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because the underlying lawsuit is pending in this District and Division.

## III.
## FACTUAL BACKGROUND

**A.      The underlying claim**

6.      On July 27, 2014, Drew Brenek sustained fatal injuries while working for Guichard Operating Company, LLC ("Guichard"), a drilling subcontractor, on a well-site owned

and operated by Rutherford Oil Corporation ("Rutherford"). It is alleged in the underlying lawsuit that Drew Brenek was fatally electrocuted when his arm touched and/or came in contact with an electrically energized generator leased to Guichard by Aggreko. The underlying lawsuit was filed against Aggreko and others on January 16, 2015 in Jefferson County District Court.

**B.     Equipment lease agreement**

7.     The generator at issue had been leased by Aggreko to Guichard under an agreement that required Guichard to provide liability coverage to Aggreko as an additional insured. The relevant contract, titled "AGGREKO NORTH AMERICA RENTAL AGREEMENT TERMS & CONDITIONS," which defines Aggreko as the lessor and Guichard as the lessee, includes the following provision addressing insurance:

> 11. INSURANCE: Lessee shall at Lessee's own expense and for all relevant periods maintain: (i) commercial general liability insurance to protect Lessee and Lessor against damage to property or persons from the operation, handling and use of the Equipment during the rental period with minimum coverage of $1 ,000,000 per occurrence/$2,000,000 general aggregate ... Lessee shall cause its insurer to issue an endorsement identifying that all insurance identified in Section 11 shall be primary to that of Lessor to the extent of Lessee's obligations herein and that Lessee and its insurer agree to waive their subrogation rights with respect thereto . . . Lessee shall cause Lessor and Lessor's vendor to be named as an additional insured on each such policy . . . .

8.     Pursuant to this provision of the Rental Agreement, the liability coverage provided by Guichard for the benefit of Aggreko as an additional insured shall be primary to any insurance coverage maintained by Aggreko itself, including the commercial general liability insurance policy that Indian Harbor issued to Aggreko.

9.     The Rental Agreement also contained an indemnity provision requiring Guichard to defend, indemnify, and hold Aggreko harmless against any and all claims related to or arising out of the equipment leased to Guichard.

**C.     Insurance coverage available to Aggreko as an additional insured**

10.     Gray provided liability coverage to Guichard under policy number XSGL-074071 for the period July 15, 2013 through August 1, 2016 (the "Gray Policy"). The Gray Policy includes a $1 million per-occurrence limit of liability, subject to a $50,000 self-insured retention. Aggreko is entitled to coverage as an additional insured under the Gray Policy.

11.     Gray initially provided an unconditional defense to Aggreko in the underlying lawsuit and agreed to provide coverage to Aggreko as an additional insured under the Gray Policy.

12.     Guichard also maintained commercial umbrella liability coverage through Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company ("Chartis") under policy number BE 012071607 for the policy period of July 15, 2013 through August 1, 2014 (the "Chartis Policy").  The Chartis Policy has a $5 million per-occurrence limit of liability.

13.     Aggreko has filed its own action against Chartis in this District, asserting that it is entitled to coverage as an additional insured under the Chartis Policy with respect to the claims alleged in the underlying lawsuit.  The action is styled *Aggreko, LLC v. Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company*, Civil Action No.: 1:16-cv-00297 in the United States District Court for the Eastern District of Texas, Beaumont Division.

**D.     The Covenant Not to Execute Agreement and Gray's payment of $1 Million**

14.     On or about February 8, 2017, Gray reached an agreement with the underlying plaintiffs whereby Gray will pay to the underlying plaintiffs $950,000 in exchange for the underlying plaintiffs' agreement to provide Aggreko, LLC and its officers and directors with a covenant not to execute on any judgment obtained by the underlying plaintiffs in the underlying lawsuit.  In short, the underlying plaintiffs agreed that they will not seek to recover any portion

of a judgment directly from Aggreko, but retained the right to seek a judgment against Aggreko to the extent an insurance company (other than Gray) has the obligation to pay, in whole or in part, any judgment based on the claims asserted against Aggreko in the underlying lawsuit.

15.    Gray also reached an agreement regarding the claims between the underlying plaintiffs and Rutherford Oil Corporation.  In exchange for the payment by Gray of $50,000, the underlying plaintiffs agree to provide Rutherford a full and complete release from any and all claims that would have been or could have been asserted by the underlying plaintiffs as a result of the death of Drew Brenek.

16.    Through this total payment of $1 million, Gray claimed it exhausted its limits and fulfilled its obligations under the Gray Policy.  Gray notified Aggreko of its intent to withdraw its defense of Aggreko in the underlying lawsuit as of March 11, 2017.  Gray has denied the subsequent requests of Aggreko and Indian Harbor, Aggreko's direct general liability insurance carrier, to continue to afford a defense in the underlying lawsuit.

## IV.
## CAUSES OF ACTION

**A.    Request for declaratory relief against Gray**

17.    Indian Harbor incorporates by reference the allegations asserted in the preceding paragraphs.

18.    A dispute exists concerning the insurance coverage available to Aggreko as an additional insured under the Gray Policy for the defense of the claims asserted against Aggreko in the underlying lawsuit.

19.    Indian Harbor has an interest in Gray's assumption of the ongoing defense of Aggreko in the underlying lawsuit and/or Indian Harbor is equitably subrogated to Aggreko's interest in any recovery of defense costs.  Gray purports to be entitled to terminate its defense of

Aggreko while the underlying lawsuit against Aggreko continues. Therefore, it is necessary for Indian Harbor to pursue its legal and equitable remedies in this lawsuit.

20. Indian Harbor seeks a determination from the Court that Gray's payment of $950,000 pursuant to the Covenant Not to Execute Agreement was not paid to satisfy any judgment, settlement, or sum that Aggreko was legally obligated to pay as damages, nor did it secure a release for Aggreko, which remains potentially liable to the underlying plaintiffs.

21. The Gray Policy provides that Gray's "right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements ...." Indian Harbor seeks a determination from the Court that the Covenant Not to Execute is not a "settlement" under Texas law, and Gray has an ongoing duty to defend Aggreko in the underlying lawsuit because Gray has not used up the applicable limit of insurance through the payment of a judgment or settlement.

22. In addition or in the alternative, Gray is obligated under the policy to pay "sums that the insured becomes legally obligated to pay as damages ...." Indian Harbor seeks a determination from the Court that the payment made by Gray pursuant to the Covenant Not to Execute was not paid to satisfy any judgment, settlement, or sum that Aggreko was "legally obligated to pay as damages," and therefore, Gray's payment of $950,000 was voluntary, was not made pursuant to the Gray Policy, and did not erode or exhaust Gray's policy limits. For these reasons, Indian Harbor seeks a determination from the Court that Gray has an ongoing and continuing duty to defend Aggreko in the underlying lawsuit and that, pursuant to the terms of the Rental Agreement, the Gray Policy shall be primary to the commercial general liability policy issued to Aggreko by Indian Harbor.

**B.    Attorneys' fees**

23.    Indian Harbor incorporates by reference the allegations asserted in the preceding paragraphs.

24.    Indian Harbor has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against Gray through the trial court and all levels of the appellate process. Indian Harbor seeks the recovery of all of its attorneys' fees and expenses.

**V.**
**PRAYER**

WHEREFORE, for the foregoing reasons, Indian Harbor respectfully requests judgment against Defendant The Gray Insurance Company as follows:

1.  A declaration that Gray has an ongoing duty to defend Aggreko in the underlying lawsuit;

2.  A declaration that Gray has a duty to indemnify Aggreko in the underlying lawsuit;

3.  A declaration that the Gray Policy is primary and non-contributory with the commercial general liability policy issued by Indian Harbor;

4.  A declaration that Gray must reimburse Indian Harbor for any defense costs expended on behalf of Aggreko in the underlying lawsuit;

5.  Reasonable attorneys' fees incurred in pursuing this action;

6.  Costs of court, pre-judgment and post-judgment interest as allowed by law; and

7.  Such other and further relief as to which Indian Harbor is justly entitled.

- 8 -

Dated: February 28, 2017                                Respectfully submitted,


*s/ George S. McCall*
George S. McCall
State Bar No. 13344800
Edward Alex Shilliday
State Bar No. 24041908
Drinker Biddle & Reath LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201

**ATTORNEYS FOR PLAINTIFF
INDIAN HARBOR INSURANCE
COMPANY**